ANTONIA BENITEZ, Respondent, v ARMANDO BENITEZ, Appellant.

The IAS court acted appropriately in setting aside a portion of the judgment of divorce between the parties and in granting plaintiff leave to enter judgment for child support money arrears.

The parties were married in 1963 and there are three children of the marriage, born in 1964, 1966 and 1967, respectively. In 1973 defendant husband purchased real property in Pennsylvania next to land owned by his sister. Although plaintiff's name did not appear on the title, her name did appear as a co-mortgagor thereon, along with defendant. In 1975 a four-family home was purchased in the Bronx in which only defendant's name and his sister's appeared on the title. During this time period, plaintiff, in addition to being a homemaker, was employed, and turned her earnings over to defendant who utilized those earnings, in part, to make mortgage payments and for other expenses incidental to the property.

In 1984 defendant retained counsel to bring a divorce action

against plaintiff. When plaintiff allegedly refused to accept the complaint, the same counsel switched sides and represented plaintiff in this matrimonial action. A default judgment of divorce was entered on January 31, 1984 against defendant husband, which although providing for $200 in monthly child support, made no mention of maintenance or equitable distribution. In fact, no discovery or request for defendant's net worth statement was ever made.

Although obligated to pay $200 per month in child support, defendant made only three payments of $50 each during the course of six years. Defendant failed to produce evidence in admissible form to substantiate his claim that the parties had reached an arrangement in respect to child support to excuse such payments to plaintiff. The representation of plaintiff by counsel after having been first consulted or retained by defendant husband, coupled with a lack of reference in the default judgment to the issues of maintenance and equitable distribution, supports the partial vacatur of the judgment as it pertains to economic matters. Plaintiff produced copies of the mortgage and tax receipts containing her name for one of the Pennsylvania properties and a copy of defendant's bank account showing substantial withdrawals, around the time of the Bronx purchase. Defendant failed to produce evidentiary proof to substantiate his claim that the monies used to make the purchases were from family members and not from marital assets.

We have considered defendant's other claims and find them to be without merit. Concur—Sullivan, J. P., Milonas, Ellerin and Kupferman, JJ.